USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
HEATHER JEANNE LINDSAY,

                              Appellant,

             -against-                        **21-CV-11006 (PAE) (KHP)**
                                                                      **ORDER**

KRISTA M. PREUSS,

                              Appellee.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Pro Se Appellant initiated this bankruptcy appeal on December 22, 2021. Appellant has delayed in filing her Opening Brief, which was initially due on March 4, 2022, but after two extensions was due on December 28, 2022. On December 28, 2022, rather than filing the Opening Brief, Appellant moved for a 20-day extension of time to file the brief, citing difficulty obtaining a lawyer and a medical emergency with her niece. (ECF No. 15.) Out of excessive solicitude to Appellant, the Court grants **one final extension** of time. The deadline for Appellant's Opening Brief is extended *nunc pro tunc* to **Tuesday, January 17, 2023**. Appellee's Opposition Brief is due on **Tuesday, February 14, 2023**, and Appellant's Reply Brief is due on **Tuesday, March 14, 2023.** Appellant is advised that failure to submit her Opening Brief by the deadline may result in dismissal of her case for failure to prosecute or failing to comply with court mandated deadlines.

      Appellant also filed an application for counsel pursuant to 18 U.S.C. § 3006A(g). (ECF No. 16.) 18 U.S.C. § 3006A concerns the appointment of counsel in criminal matters. As this is a civil bankruptcy appeal, the Court construes Plaintiff's request as one brought under 28 U.S.C. § 1915(e)(1). There is not a constitutional right to counsel in civil cases, but the Court has the

discretion pursuant to 28 U.S.C. § 1915(e)(1) to appoint counsel for indigent parties. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should first determine whether the indigent's position seems likely to be of substance, and if so, the Court should then consider other prudential factors such as the complexity of the legal issues. *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (*citing Hodge*, 802 F.2d at 61). However, "before appointment will even be considered," the Court must determine that the indigent is unable to obtain counsel on her own. *Morris v. Moran*, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (*quoting Hodge*, 802 F.2d at 61); *see also Gibson v. Mount Vernon Montefiore Hosp. Exec. Dir.*, 2022 WL 17325612, at *2 (S.D.N.Y. Nov. 29, 2022).

The Court cannot find that Appellant is unable to obtain counsel on her own. To the contrary, Plaintiff asserts that she was assigned counsel through the New York Legal Assistance Group Pro Se Clinic ("NYLAG Clinic"), which offers free legal services to pro se litigants in this District. She was first appointed a NYLAG representative who is no longer working with the NYLAG Clinic, and she was then appointed a representative who is currently advising Appellant. (ECF No. 16.) Appellant complains that the new representative "hasn't put forth the effort" in timely contacting Appellant, (*id*.), but it appears Appellant also has not put forth meaningful effort to follow up with the NYLAG representative. Appellant's appeal has been pending for over a year, but it appears Appellant only reached out to the NYLAG Clinic a few weeks ago, and it is not clear that she made any effort to follow up with her appointed representative. It is ultimately Appellant's responsibility to pursue her claims with reasonable diligence, including by following up with her counsel where necessary.

2

Accordingly, Appellant's request for assignment of counsel is denied.

**The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 15 and 16 and to mail copies of this order to the parties**.

**SO ORDERED.**

Dated: December 30, 2022
       New York, New York

                                                                     KATHARINE H. PARKER
                                                                     United States Magistrate Judge